FILED
2019-CCL-00192
1/8/2019 3:38 PM
Sylvia Garza-Perez
Cameron County Clerk

CAUSE NO. 2019-CCL-00192

| | | |
|---|---|---|
| JOSE DE LA FUENTE | § § § | IN COUNTY COURT AT LAW |
| VS. | § § § | NO. _____ Cameron County - County Court at Law I |
| WAL-MART STORES TEXAS LLC | § § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES JOSE DE LA FUENTE, hereinafter referred to as Plaintiff, and files this, his Original Petition against WAL-MART STORES TEXAS LLC, hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendant in the maximum amount of $75,000.00.

### PARTIES

3. Plaintiff is an individual who resides in Brownsville, Cameron County, Texas.

4. Defendant Wal-Mart Stores, Texas LLC. is a limited liability company that owns and operates the Wal-Mart store located on Boca Chica Boulevard in Brownville, Cameron County, Texas. Defendant Wal-Mart Stores, Texas LLC. may be served with process by serving its registered agent, C. T. Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### VENUE AND JURISDICTION

5. The incident described hereinbelow or events giving rise to Plaintiff's claim



against Defendant occurred in Brownsville, Cameron County, Texas. Venue for this cause of action therefore lies in Cameron County, Texas.

6. The damages that Plaintiff is seeking from Defendant are within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

7. On November 22, 2018, Plaintiff was shopping at Defendant's Wal-Mart store located on Boca Chica Boulevard in Brownsville, Cameron County, Texas. Plaintiff was pushing a shopping cart in an action alley in the grocery department. There was a very long spill of liquid laundry detergent on the floor that caused Plaintiff to slip, fall, and suffer injuries and damages. The floor that was wet with detergent displayed other customers' shoe prints, wheel marks from the wheels of other shopping carts, and slip marks from the shoes of other customers who had slipped on the floor that was wet with detergent. The detergent had been on the floor for a long period of time before Plaintiff slipped and fell. Defendant's employees were in close proximity to the detergent that was on the floor for this lengthy period of time. Further, the container of liquid laundry detergent that leaked detergent on the floor was cracked, broken, open, defective, and leaky. Defendant, through its employees and/or its vendors, caused the cracked and leaky container of detergent to exist on its store premises, be in the possession of one of its customers, and to leak detergent on the floor as the customer carried the container in the action alley. In this regard, Defendant created the dangerous conditions on its store premises that caused Plaintiff to slip and fall. Knowledge of the dangerous conditions is therefore imputed on Defendant under Texas Premises Liability Law.

### CAUSE OF ACTION BASED ON PREMISES LIABILITY LAW AND PROXIMATE CAUSE

8. At all time that is material to the incident described hereinabove and this case, Defendant was negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendant owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the liquid laundry detergent that was on the floor, the wet and slippery floor, and/or the cracked and leaky container of detergent, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendant knew or reasonably should have known of the danger posed by the condition, and E. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendant was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

### DAMAGES

9. As a proximate cause of the negligence of Defendant in causing the incident described hereinabove. Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendant in the maximum amount of $75,000.00.

### VICARIOUS LIABILITY

10. At all time that is material to the incident described hereinabove and this case,

3

Defendant's employees, contractors, vendors, and/or agents acted within the course, scope, and authority of their employment, contractual, and/or agency relationship with Defendant. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

### PREJUDGMENT AND POSTJUDGMENT INTEREST

11. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

### REQUEST FOR JURY AND JURY FEE

12. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, he have judgment against Defendant for all of his damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in his behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff